IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN BRISTER, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-CV-5547 |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**O'NEILL**       **March    , 2008**

Presently pending are the parties' cross-motions for summary judgment. The United States Magistrate Judge to whom this matter was referred filed a Report and Recommendation recommending that I grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment. After consideration of the Report and of plaintiff's timely Objections thereto, for the reasons set forth below I will approve and adopt the Report and Recommendation.

**I.     Factual and Procedural Background**

I will incorporate by reference herein the extensive factual and procedural history of this matter as set forth in the Report and Recommendation. Briefly, however, plaintiff filed an application for Disability Insurance Benefits for the period December 15, 1994 through August 31, 1997. Because plaintiff's earning record demonstrated that she earned over $48,000 in 1994 and over $27,000 in 1995, Administrative Law Judges reviewing plaintiff's application concluded that she had engaged in substantial gainful activity until November 1, 1995. Plaintiff's application for benefits was subsequently reviewed for the period November 1, 1995 through August 31, 1997. Her claim has been remanded by the Appeals Council three times and

has also been reviewed by three ALJs.

Plaintiff claims that she was disabled due to degenerative disk disease in her lower back, carpal tunnel syndrome, post-traumatic stress disorder, and attention deficit-hyperactivity disorder. Administrative Law Judge Alan Sack, after the fourth review of plaintiff's claims, determined that although she was severely impaired her limitations did not meet or exceed the criteria for any of the Listed Impairments. ALJ Sacks also determined that plaintiff retained the residual functioning capacity to perform a full range of light work with non-exertional limitations. Plaintiff appealed ALJ Sacks' decision. The Appeals Council denied review of her claim on June 29, 2006.

## II.  Discussion

A district court judge may refer an appeal of a decision of the Commissioner to a magistrate judge. See 28 U.S.C. § 636(b)(1). Within ten days after being served a copy of the magistrate judge's report and recommendation, a party may file timely and specific objections thereto. See 28 U.S.C. § 636(b)(1)(C). The district court judge will then make a *de novo* determination of those portions of the report and recommendation to which objection is made. See id. The district court judge may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence, or recommit the matter to the magistrate judge with instructions. See id. In reviewing the Commissioner's decision the district court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). It is the ALJ's responsibility to resolve conflicts in evidence and to determine the

credibility and weight to be afforded to the evidence.  Id., 186 F.3d at 429.  The ALJ's conclusions and determinations must be accepted unless there is no basis for them in the record. Torres v. Harris, 494 F.Supp. 297, 301, aff'd 659 F.2d 1071 (3d Cir. 1981).

Pursuant to 28 U.S.C. § 636(b)(1)(C), plaintiff filed timely objections to the Report and Recommendation.  Plaintiff's objections to the Report are based upon her assertion that ALJ Sacks failed to consider properly the opinions of plaintiff's treating physicians.  Plaintiff argues that each of her treating physicians reached the same opinion regarding her mental impairments and her ability to work as a result of her limitations.  In her objections plaintiff emphasizes the consistency among the opinions and argues that there is no contrary medical evidence in the record.  However, ALJ Sacks considered the treating physicians' opinions and discounted them - not as they related to Plaintiff's medical diagnosis - but rather to her functional limitations.[1]  As ALJ Sacks noted, an independent examiner testified that the record demonstrates that plaintiff had only mild limitations in the activities of daily living and social functioning and moderate limitations in concentration, persistence, and pace.  Moreover, the record includes evidence that plaintiff had only one documented episode of decompensation and that episode was due to an accidental medication overdose.  Plaintiff's treatment for her mental impairments was intermittent and irregular.  Furthermore, the record reflects treatment records that indicate that

---

[1]There were no, or few, contemporaneous treatment notes supporting Dr. Shrier's and Dr. Crabtree's reports.  Dr. Shier's initial report - prepared at the time of treatment - demonstrated that plaintiff was independent in many activities of daily life.  The subsequent report which was prepared over five years after plaintiff was treated by Dr. Shier contradicted the initial report by stating that plaintiff was unable to function in the routines of daily living.
   Plaintiff treated with Dr. Crabtree intermittently.  She was treated by Dr. Crabtree five times in 1995 and was not seen by him for over a year between August 1995 and September 1996.  She did not return to Dr. Crabtree for treatment until February 1999.

plaintiff was stabilized with medication and did not receive treatment for her mental impairments for more than a year between August 1995 and September 1996. Finally treatment reports document that plaintiff wrote letters, performed household chores, and drove during the period of claimed disability.

Review of the record demonstrates that contrary to plaintiff's assertions ALJ Sacks properly considered the opinions of plaintiff's treating physicians, stated his reasons for rejecting them, and supported his reasons for doing so with evidence in the record. I am bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. See 42 U.S.C. § 405(g). I conclude that there is substantial evidence to support ALJ Sacks's decision.

**IV.     Conclusion**

For the foregoing reasons, I will adopt the Report and Recommendation filed by the United States Magistrate Judge. Plaintiff's motion for summary judgment will be denied, and defendant's motion for summary judgment will be granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN A. BRISTER, :
        Plaintiff, :    CIVIL ACTION
 :
v. :
 :    NO. 05-CV-5547
JO ANNE B. BARNHART, :
Commissioner of Social Security, :
        Defendant. :

## ORDER

**AND NOW**, this _____ day of March 2008, upon consideration of the parties' cross-motions for summary judgment, the Report and Recommendation filed by United States Magistrate Judge Timothy R. Rice, and Plaintiff's Objections, **IT IS HEREBY ORDERED** that:

    1)    Defendant's motion for summary judgment is **GRANTED**;

    2)    Plaintiff's motion for summary judgment is **DENIED**;

    3)    The Clerk of the Court shall mark this case closed.

                                                  BY THE COURT:


                                                  /s/ Thomas N. O'Neill
                                                  _____
                                                  THOMAS N. O'NEILL